By the Court.—Sedgwick, J.
The was no error in any of the rulings of the learned judge upon the' trial. The defendant’s rights were protected, in every direction. The only point for particular consideration relates to the damages. The appellant’s counsel claims that they were excessive and that the court should have granted the motion fora new trial on that ground. It is not denied that the libel was untrue, or that the plaintiff was entitled to an amount that would have compensated for the actual damage. But it is claimed that the preponderance of testimony was that there had been no actual malice ; that the article complained of had been written after great care and attention, to find the truth of its statements ; that a full retraction was' *130 made on the day but one after the libel had been published, and that it was not a case, therefore, in which the plaintiff was entitled to exemplary or punitive damages. It is further claimed that on the evidence it is clear that the amount of the verdict, $1,375.03 was greatly in excess of the amount that would compensate the plaintiff for actual damages.
I am of opinion that the court was right in not taking from the jury the question of malice in its bearing upon the right to exemplary damages. The remarks of the judge on this point called the attention of the jury to all the particulars which were favorable to the defendant. On the other hand, it does not appear that the amount was in excess of actual compensation. It.is to be presumed that the jury exercised a sober judgment in their assessment, and great weight is to be given to their action, in a matter which they are1 so much better fitted than a court to decide. Fry v. Bennett (3 Bo'sw. 246) gives the rule that must be applied to this case : “ The true rule is, that if the defendant fails to justify, the plaintiff is entitled to recover,, at all events, his actual damages. He has a right to these, although the defendant, at the time of publishing the libel, believed the facts alleged to be true. The actual damages are to be determined by the jury, in a sound discretion, upon a careful consideration of the offense or misconduct imputed to the plaintiff, the circumstances of the publication, the extent of its circulation, and the natural and necessary consequences of such a publication, according to the results of human observation and experience.” That the libel charged a very gross violation of morality and law, in respects that it was natural and probable would seriously injure her personally and her business, cannot be denied, and the jury would have a right to consider whether .there would not be damaging consequences from the *131 charge, even after there had ceased to be any doubt that she was innocent.
A suggestion was made that the individual jurors must have compromised their opinions as to the proper amount of damages, for the reason that there is no other way of accounting for the three cents that was a part of the verdict. This is not convincing. It is more likely that twelve . minds agreed upon a very exact estimate of damages, than that several were of such opinions as to the amount of damage that an average of them would result in the fraction of three cents, which it be thought important to retain.
I am of opinion that the judgment and order appealed from should be affirmed, with costs.
Freedman, J., concurred.